(No. 11806.—Reversed and remanded.)

NELLIE CARLIN, Admx., Defendant in Error, *vs.* THE PEERLESS GAS LIGHT COMPANY, Plaintiff in Error.

*Opinion filed February 20, 1918—Rehearing denied April 12, 1918.*

1. LIMITATIONS—*a statute of limitations will be given a prospective effect.* A statute of limitations will be given a prospective effect unless there appears a clear intention to the contrary, and then a reasonable time must be allowed in which to enforce existing rights.

2. SAME—*time fixed for bringing an action under Injuries act is not a statute of limitations.* The Injuries act giving a right of action for wrongful death creates a new liability unknown to the common law, and the time fixed within which such action shall be brought is not a statute of limitations but is a condition of the liability and operates as a limitation of the liability itself and not of the remedy, alone.

3. SAME—*when amendment shortening time for bringing suit for wrongful death is applicable.* The amendment of 1903 to the Injuries act, reducing to one year the time within which an action shall be brought for wrongful death, may be applied to a right of action which accrued three months before the amendment took effect, leaving nine months within which to bring the action.

CARTER, C. J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding.

MAYER, MEYER, AUSTRIAN & PLATT, (ALFRED S. AUS-
TRIAN, and ABRAHAM MEYER, of counsel,) for plaintiff
in error.

DARROW, MASTERS & WILSON, and JACOB L. BAILY, for
defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This action was brought in the superior court of Cook
county by the administratrix of the estate of Max Glick,
deceased, against defendant, the Peerless Gas Light Com-
pany, and others who were later dismissed, to recover dam-
ages for the death of Glick, resulting from the alleged neg-
ligence of defendant. The declaration, in substance, alleged
that deceased was an employee of defendant, whose duty
it was to furnish said employee a reasonably safe place in
which to work, specifically setting out wherein defendant
failed and neglected to perform this duty, and that by rea-
son thereof the deceased, while engaged in his employment
and in the exercise of due care for his own safety, was
caused to fall down an elevator shaft, by which he was
killed. Defendant filed a plea of not guilty to the decla-
ration, and also a special plea that the suit had not been
brought by the plaintiff within a year after the death of
her intestate. A demurrer by plaintiff was sustained to
the special plea and defendant elected to stand by it. The
cause was tried, resulting in a verdict and judgment for
plaintiff for $5000, which, on appeal, was affirmed by the
Appellate Court, and the case is brought here upon a peti-
tion for a writ of *certiorari.*

In the view we take of the case it will not be necessary
to discuss any other question than the action of the court
in sustaining the demurrer to the special plea.

The accident causing the death of Max Glick occurred
April 9, 1903, and the suit was begun May 4, 1904. At
the date the death occurred, in April, 1903, the Injuries

act, under which the cause of action was brought, provided such actions should be commenced within two years after the death. That act was amended by an act approved May 13, 1903, in force July 1, 1903, which reduced the time within which such actions should be brought to one year, and the question.is whether the act as amended applied to this cause of action. If the time fixed within which an action under the Injuries act is to be considered as a statute of limitations the amended act would not apply, for such a statute will be given a prospective effect unless there appears a clear intention to the contrary, and then only where reasonable time is allowed in which to enforce existing rights. (2 Lewis' Sutherland on Stat. Const. secs. 706, 707; 17 R. C. L. 676, 682, 683.)

At common law no right of action existed in anyone to maintain an action against any person or corporation causing the death of another by any wrongful act, neglect or default. A right of action for such causes was given by our Injuries act, which was adopted in 1853, and which for the first time in this State created such cause of action and provided in whose name the suit should be brought and how any money recovered should be distributed. The act fixed the time within which such an action should be brought at two years after the death. Similar statutes are in force, we believe, in all the States of the Union, and the question whether the time fixed by the statute for bringing such actions is a statute of limitations has been passed upon by many courts, and it has generally, if not universally, been held that the statute creates a new liability unknown to the common law, fixes a time within which the action may be commenced, and is not a statute of limitations; that the time fixed for commencing the cause of action created by the statute is a condition of the liability, and operates as a limitation of the liability itself and not of the remedy, alone. *The Harrisburg*, 119 U. S. 199; *Rodman* v. *Missouri Pacific Railway Co.* (Kan.) 59 L. R. A. 704; *Partee*

v. *St. Louis and San Francisco Railroad Co.* 123 C. C. A. 292; 51 L. R. A. (N. S.) 721; *Gulledge* v. *Seaboard Airline Railroad Co.* (N. C.) 125 Am. St. Rep. 544; 8 R. C. L. 801-805; 8 Am. & Eng. Ency. of Law, 875.

In *Spaulding* v. *White,* 173 Ill. 127, this court considered the question whether the amendatory act of 1895, fixing the time within which a bill might be filed to contest a will at two years instead of three years, (the time allowed by the former act,) applied to cases where wills had been probated prior to the amendment. In that case the will had been admitted to probate March 29, 1894, and a bill was filed to contest it in March, 1897. When the will was admitted to probate the statute gave three years' time in which to file a bill to contest it, and the bill was filed within three years from the probate of the will. The amendment of 1895 reduced the time to two years, and if the amended act applied the bill was not filed within the time limited. The court said, in substance, that the jurisdiction to entertain a bill to contest a will was derived exclusively from the statute and could be exercised only in the manner and under the limitations prescribed by the statute, and that the time allowed for filing such a bill is not a limitation law. The court said: "There is a material distinction between a statute conferring jurisdiction and fixing a time within which it may be exercised, and a statute of limitations." That case was followed and its reasoning adopted in *Sharp* v. *Sharp,* 213 Ill. 332.

We are referred by plaintiff's counsel to *Hathaway* v. *Merchants' Loan and Trust Co.* 218 Ill. 580. That case held that the amendment of 1903 to section 70 of the Administration act, reducing the time for filing claims to one year, did not apply to claims against an estate upon which letters testamentary had been granted before the amendatory act took effect. The right of action in that case was based upon promissory notes given by the deceased in his lifetime and was not given or conferred by any statute.

The statute fixing the time within which claims might be filed related only to the remedy and did not confer or give a cause of action. The court considered and treated the time fixed by the statute for filing claims against an estate as a limitation law and applied the rule that such statutes would not be given a retroactive effect. The right of action in that case existed before the death of the maker of the notes. "A cause of action, unless founded solely upon a statute, is a vested right, which cannot be destroyed by limiting a time for its enforcement that has already expired." (2 Lewis' Sutherland on Stat. Const. sec. 706.)

This case does not present a situation where the time fixed by the amendment of 1903 (one year) within which suit must be brought had expired when the act went into effect. A little less than three months had expired after the death of plaintiff's intestate before the amendment went into effect. More than nine months were left to plaintiff to bring the suit within the time allowed by the amendment of 1903.

In our opinion the demurrer to the special plea should have been overruled, and for the error in sustaining it the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Mr. CHIEF JUSTICE CARTER, dissenting:

I cannot agree with the reasoning in the foregoing opinion. The question to be decided is not, in my judgment, whether the statute in question is a statute of limitations or one creating a liability, but whether the legislature intended, when it amended the act, to make the amendment retroactive. If the legislature, in so amending, had in plain and unambiguous terms shown a clear intention to make the act retroactive in effect, then I believe the reasoning of the opinion would be sound, but there is no language in such amendment that warrants any such construction. While it is undoubtedly within the legislative power to pass

a statute such as this and to make it applicable to existing causes of action, "yet such a statute is not to be readily construed as having a retroactive effect but is generally deemed to apply merely to causes of action arising subsequent to its enactment, and the presumption is against any intent on the part of the legislature to make the statute retroactive. * * * The statute will only be given a retroactive effect when it was clearly the intention of the legislature that it should so operate." (*Hathaway* v. *Merchants' Loan and Trust Co.* 218 Ill. 580.) Retroactive laws are always looked upon with general disfavor, and Chancellor Kent said: "There has not been, perhaps, a distinguished jurist or elementary writer within the last two centuries who has had occasion to take notice of retrospective laws, either civil or criminal, but has mentioned them with caution, distrust or disapprobation." (Sutherland on Stat. Const. sec. 406. See to the same effect, 17 R. C. L. 682; 19 Am. & Eng. Ency. of Law,—2d ed.—174; Endlich on Interpret. of Statutes, sec. 271.) The general rule is that a statute is construed as operating only on cases or facts which come into existence after it is passed, unless a retroactive effect is clearly shown to be intended by its wording. There was nothing in this amendment to indicate such an intention on the part of the legislature, therefore the presumption should prevail that it was not retroactive. (*Hathaway* v. *Merchants' Loan and Trust Co. supra.*) And even if the intention clearly appears, it should not be given effect if to do so would render the act unreasonable or unjust.

The opinion assumes that this statute is not one of limitation, but this court treated it as a statute of limitations and so termed it in *Wall* v. *Chesapeake and Ohio Railroad Co.* 200 Ill. 66. Whether or not it is such a statute, I believe that it should not be construed as operating on cases or facts which came into existence before it was enacted.