No. 13,599.

WYATT ET AL. *v.* BURNETT.

(36 P. [2d] 768)

Decided October 1, 1934.

Messrs. GORDON & ALLOTT, for plaintiffs in error.

Mr. ALLYN COLE, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

WE are asked to reverse a money judgment entered in the district court of Prowers county.

The defendant in error, Dr. Burnett, plaintiff below, sued J. O. Wyatt and his wife, the plaintiffs in error, alleging that there was due him from them a specified sum, considerably over a thousand dollars, for medical, surgical and other professional services rendered to them and their family during a period of over ten years ending July 1, 1930. An itemized list of the alleged services and of the charges therefor was made a part of the complaint. There was no allegation that the Wyatts had promised to pay the sum claimed, nor was there an allegation as to the reasonable value of the services. It was merely alleged that the plaintiff had rendered the services at the special instance and request of the Wyatts "upon an open account."

A motion to make the complaint more specific was denied, and a general demurrer was overruled. Wyatt eventually filed an amended answer, denying that the value of the services was the amount claimed, and alleging that the value of the services was not in excess of the sum of $250, and further alleging payment of the latter sum in full. It was also alleged that the physician was guilty of certain specific acts of negligence in the diagnosis and treatment given the said Wyatt. The prayer was for recoupment on any judgment that might be awarded. No affirmative judgment was asked against the plaintiff. Mrs. Wyatt filed an amended answer of her own, containing similar allegations and a similar prayer, and since the two are exact parallels, we shall speak of them as if there were but one. As to this amended answer the plaintiff filed a demurrer on the

ground that such answer does not constitute a defense to the plaintiff's cause of action and that all affirmative matter pleaded therein is barred by chapter 130 of S. L. 1925, page 342. The plaintiff also interposed a motion for judgment on the pleadings. The demurrer was sustained, likewise the motion. Judgment was entered, on the verified complaint and without taking any evidence, for the full amount claimed.

The assignments of error are (1) that the plaintiff's demurrer to the amended answer was erroneously sustained and (2) that the plaintiff's motion for judgment on the pleadings was also erroneously sustained.

Since the judgment was entered in response to the motion for judgment on the pleadings, we shall first consider the propriety of that motion.

A motion for judgment on the pleadings is never proper under our Colorado practice when one or more controverted issues of fact are presented by the pleadings and are left undetermined. Here the Wyatts expressly tendered an issue of the reasonable value of the plaintiff's services, which they had a right to do in the absence of any allegation that the value claimed was an agreed value. This, of course, would entitle the defendants to proceed to a determination of the issue as an issue of fact, and judgment without trial was prejudicial error.

But, in addition to this issue of reasonable value, there is the kindred issue whereby the defendants hoped to accomplish a pro tanto defeat of the plaintiff's cause of action by pleading and proving damages for negligence in the performance of the services in question. This issue was tendered not as a counterclaim with a view to recovering an affirmative judgment, but solely by way of recoupment. The issue of negligence was sought to be eliminated both by the plaintiff's demurrer to the amended answer and by his motion for judgment on the pleadings, the contention being that the special statute of limitations found in S. L. 1925, page 342, bars any and

all claims which might be asserted against the plaintiff, as a licensed physician and surgeon, for negligence or lack of skill in such capacity. The trial court agreed with this contention of the plaintiff, and did not permit the defendants to sustain the issue they had so tendered.

There is a well-recognized distinction between the maintenance of an action, either by original action or by the setting up of an affirmative counterclaim, on the one hand, and the assertion of a defense merely by way of recoupment, on the other. The aforesaid limitation statute is aimed solely at the maintaining of an action. "The defense of reduction or recoupment which arises out of the same transaction as the note or claim survives as long as the cause of action upon the note or claim exists, although an affirmative action upon the subject of it may be barred by the statute of limitations. But a counterclaim, even where by statute it may consist of any matter arising out of contract or tort, whether it arises out of the contract or transaction sued upon or not, if barred by the statute of limitations, is available only for recoupment, although for that purpose it may be used as long as plaintiff's cause of action exists." 37 C. J., p. 804, §149. Especially where, as in the case at bar, the defense presents the question of injury suffered by a defendant in immediate and vital connection with the services rendered by a plaintiff, whereby the value sought to be recovered for those services is claimed to have been diminished in the very rendition of the services, the evidence of such alleged injury is admissible as directly bearing upon the issue of value. Thus the allegations relating to negligence, like the issue of reasonable value, tender a proper issue of fact; hence the ruling of the court, in granting judgment on the pleadings, became doubly erroneous.

The great weight of authority supports the above views. A statute of limitations operates only to bar the remedy by an action, and not to extinguish the debt or cause of action. *Brereton v. Benedict,* 41 Colo. 16, 18,

92 Pac. 238, 239; *Holmquist v. Gilbert,* 41 Colo. 113, 117, 92 Pac. 232, 233; *Foot v. Burr,* 41 Colo. 192, 195, 92 Pac. 236, 237. Such a statute is applied only to cases clearly within its provisions. *Glenn v. Mitchell,* 71 Colo. 394, 399, 207 Pac. 84, 85.

After the entry of judgment on motion for judgment on the pleadings, the defendants sought and obtained leave to amend their amended answers as of the time prior to such entry. The ruling is assailed by the plaintiff's assignment of cross-error. This was a matter wholly within the discretion of the trial court, and obviously no prejudice could have resulted therefrom to the plaintiff. The ruling was right.

While the lower court sustained the demurrer interposed by the plaintiff to the amended answer, that ruling, though wrong, became harmless when judgment was erroneously entered on the pleadings, on motion made for the purpose. The demurrer presented the same grounds as the motion, and what we have said above shows that we consider the demurrer bad, as was the motion itself.

The case is remanded with directions to set aside the judgment, to grant the parties due opportunity for amending their pleadings as they may be advised, and to proceed to trial in due course.

Judgment reversed with directions.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE HILLIARD concur.