(No. 4009 )

HAROLD R. BROWN AND ALICE I. BROWN, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1947.*

RICHOLSON, WILHELM AND DAVIES, for Claimants.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for Respondent.

DAMRON, J.

Harold R. Brown and Alice I. Brown filed this complaint on February 19, 1947.

The complaint alleges that they are the owners of a one hundred thirty acre farm in Grundy County immediately adjacent to and south of the Illinois and Michigan Canal; that they acquired the property in August, 1940.

It is further alleged that many years ago the duties of maintenance, operation and repair of the Canal were transferred from the Canal Commissioners to the Waterway Division of the Department of Public Works and Buildings; that in violation of its duty the latter Department failed to keep the Canal free of foreign matter whereby for several years since 1940 excessive water accumulated in the channel and overflowed its banks submerging claimants' lands, damaging their crops and preventing them from raising crops.

Claimants allege that 2,500 bushels of corn of the value of $3,400.00 were destroyed in 1941; that during the year 1942, 8,000 bushels of the value of $12,000.00 were destroyed; that they were unable to raise crops comprising 8,000 bushels of the respective value of $12,000.00 each in the years 1943 and 1944 and that the land was damaged as to its fair cash value to the extent of $150.00 an acre, namely $19,500.00, which damages total $58,900.00.

Harold R. Brown testified that the property was acquired in 1938; that he paid $35.00 an acre for 106 acres and $40.00 an acre for the other 24 acres. He talked to the Superintendent of the Canal in March, 1942 and several times afterwards and informed him if the gates were not left open in the spring to take care of flood water the farmers would have to handle the gates. When the gates were not open the water would overflow over his farm. This happened in October, 1941 destroying 2,000 bushels which was 25% of his corn crop. In

February, 1942 the Canal flooded again and the water was not off until June, 1942. Except for 2 acres, no corn was planted that year. The farm was flooded again in the spring of 1943 when only 10 acres were planted. In 1944 only 5 or 6 acres were planted producing about 500 bushels. The farm was under production in 1945. The witness also testified as to numerous conversations with Mr. Pitts, the Superintendent, and others about taking care of the gates, and changing the course of Carson Creek to eliminate excess water flowing into the Canal.

Claimants contend that the evidence discloses without denial that during heavy rainfalls the water goes over the banks of the Canal which has become a shallow basin since the Canal has been abandoned for navigation purposes and that such damage is occasioned during heavy rainfall whether the gates are opened or not. It is further contended that the State by abandonment and neglect has changed the course of the drainage and thereby damaged claimants' property and deprived them of its use and enjoyment, for which loss they should be compensated by respondent.

The respondent contends that the instant proceedings are barred by reason of the limitation provision of Section 22 of "An Act to create the Court of Claims" (approved July 17, 1945; ch. 37, Par. 439.22 Ill. Rev. Statutes) which reads as follows:

"Every claim cognizable by the court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within two years after it first accrues, saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues two years from the time the disability ceases."

It appears without controversy from this record that claimants seek an award for alleged damages caused by overflowage during the years 1941, 1942, 1943, and 1944

and that no claim is asserted for any damage either to land or crops for any year subsequent to 1944.

The claim, if cognizable by this court, accrued more than two years prior to the filing of the complaint herein on February 19, 1947.

The former comparable section (Sec. 10) of the prior enactment creating the Court of Claims (approved June 25, 1917) and repealed by the present law, afforded a five year period from the time the claim accrued within which it might be filed.

No savings clause was enacted in the present law as to claims that accrued prior to such enactment.

The general rule which holds that statutes of limitation should not be given a retroactive effect, unless it clearly appears that the legislature so intended has no application to the present enactment. The statutory provision under consideration is a condition of liability and not a mere statute of limitation. Where the right of action is one created by statute and the time for filing the action is a condition of liability, it will not operate retrospectively in the absence of a manifest contrary intention. *Carlin* vs. *Peerless Gas Light Co.*, 283 Ill. 142; *Spaulding* vs. *White*, 173 Ill. 127.

Even though the remedy granted claimants to enforce their rights in this court by the statute may be regarded as creating a liability upon the State, or creating a cause of action, such liability and corresponding right is necessarily derived from the statute itself. The provisions of this enactment with respect to the time for filing such claims is a condition of such liability. The action or claim cannot be maintained unless there is a full compliance with all the prescribed statutory conditions precedent. *Vernon Oil Co.* vs. *State*, No. 4011. (Opinion rendered September term, 1947.)

No department, agency or official of the State can waive the immunities of the State nor does this Court have the authority or power, indirectly or directly, to waive any condition essential to confer jurisdiction upon it to adjudicate a claim. The sole authority to do this rests with the legislature.

In the light of these basic and controlling reasons we must hold that claimants are precluded by Section 22 of the Court of Claims Law from maintaining his claim for the alleged damages caused to his property and crops during the years 1941 to 1944, inclusive.

This court, after the expiration of the two year limitation as provided in Section 22 within which the claim must be filed, is without jurisdiction to consider such claim. Our jurisdiction is clearly limited to the consideration of claims which have accrued within two years prior to the filing of the complaint.

Because of the views above set forth, it will be unnecessary for us to comment further as to the manifest impropriety of the measure of alleged damages aggregating $58,900.00 as asserted by claimants, for the loss of 2,500 bushels of corn in 1941 on the basis of its gross pegged selling price; a potential yield of 8,000 bushels which were never planted for the succeeding years 1942, 1943, 1944 on the basis of the same figures, in addition to a depreciation of $150.00 an acre fair cash market value of the land itself, notwithstanding claimants' testimony that the value of the land would be $300.00 an acre ($39,000.00) or that they would not accept $250.00 an acre if it were not for the Canal.

The motion of the respondent to dismiss this complaint is allowed.

Complaint dismissed.