Robert N. Wilson, Administrator of Estate of Ruth Titzer Wilson, Deceased, Appellee, v. Fred Tromly, Administrator of Estate of Nolen Stevens, Deceased, Appellant.

Term No. 48012.

404

Opinion filed January 17, 1949.   Modified opinion filed and rehearing denied February 23, 1949. Released for publication March 21, 1949.

MARSHALL & FEIGER, of Fairfield, and W. JOE HILL and GLENN E. MOORE, both of Benton, for appellant.

PHILIP G. LISTEMAN, of East St. Louis, for appellee; LLOYD MIDDLETON, of East St. Louis, of counsel.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

This suit involves two death claims under the Injuries Act (ch. 70, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 38.01 *et seq.*]). These claims are the result of a collision between a truck driven by Nolen Stevens (who died immediately as a result of the accident), and a car driven by Ruth Titzer Wilson (who died shortly thereafter on the same day also as a result of the accident).

The collision occurred on September 7, 1946. The suit was filed on September 4, 1947, by the plaintiff as administrator of the estate of Ruth Titzer Wilson against the defendant as administrator of the estate of Nolen Stevens. The summons was served on the defendant on September 6, 1947, being just one day before the expiration of one year from the date of the deaths. The suit claimed damages in the sum of $10,000 for the death of plaintiff's intestate by reason of the alleged wrongful act and neglect of the defendant's intestate.

The defendant, Fred Tromly, as administrator of the estate of Nolen Stevens, filed no original suit, but on October 4, 1947, he appeared in the plaintiff's suit by filing an answer in apt time, in which the material allegations of the complaint respecting negligence were denied, and with the answer he filed a counter-

claim demanding damages in the sum of $10,000 for the death of his intestate by reason of the alleged wrongful act and neglect of plaintiff's intestate.

It will be observed that the counterclaim, though filed within the time for filing answer and counterclaim, under the Practice Act, was not filed within one year from the date of death of Nolen Stevens. The plaintiff moved to dismiss the counterclaim on the sole ground that it was too late to present the claim therein set forth, because of the provision of sec. 2 of the Injuries Act (ch. 70, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 38.02]) which requires that "every such action shall be commenced within one year after the death of such person."

The trial court allowed the motion, and when the defendant moved for leave to file an amended counterclaim, setting up substantially the same facts, which did not obviate the objection sustained by the court's ruling, the court denied leave to amend, and gave judgment that "counter plaintiff take nothing and go hence without day." Since this completely disposed of the defendant's claim, it was a final and appealable judgment. *Grove v. Templin,* 320 Ill. 597; *Brauer Machine & Supply Co. v. Parkhill Truck Co.,* 383 Ill. 569.

In asserting that this order was erroneous, the defendant (appellant) makes the following points: (1) That the estate of Nolen Stevens had a cause of action which did not abate on the death of Ruth Titzer Wilson, but that the Stevens estate, by the personal representative, could bring suit within nine months after the issuance of letters in the Wilson estate, by reason of sec. 19 of the Limitations Act [Ill. Rev. Stat. ch. 83, par. 20; Jones Ill. Stats. Ann. 107.279]; (2) That the filing of suit by the Wilson estate under the Injuries Act within one year, gave appellant the right to file a counterclaim after the expiration of the year, pursuant to sec. 17 of the Limitations Act [Ill. Rev. Stat. ch. 83, par. 18; Jones Ill. Stats. Ann. 107.277]; and

(3) That the Practice Act, ch. 110, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.001 *et seq.*], contains provisions in support of defendant's use of his counterclaim.

We must first consider whether the Limitations Act applies to actions of this kind. The principal contention of the defendant (appellant) is substantially this: That, unless each section of the Limitations Act (ch. 83 [Jones Ill. Stats. Ann. 107.259 *et seq.*]) reiterates that it is to be applied only to actions enumerated in the Act, any section omitting such statement should be construed as applicable to *all* actions, including an action under the Injuries Act (ch. 70 [Jones Ill. Stats. Ann. 38.01 *et seq.*]), even though that type of action is not mentioned in the list of actions expressly covered by the Limitations Act.

We are of the opinion that this suggested construction unduly minimizes the effect of sec. 12 of Limitations Act [Ill. Rev. Stat. ch. 83, par. 13; Jones Ill. Stats. Ann. 107.272] (being the first section pertaining to personal actions), which reads as follows:

"The following actions can only be commenced in the periods hereinafter prescribed, except when a different limitation is prescribed by statute."

All of the subsequent sections in the Act are statements prescribing various periods of limitation, and all of them must be consulted in order to determine the "period of limitation" in any given state of facts. Thus, sec. 13 [Ill. Rev. Stat. ch. 83, par. 14; Jones Ill. Stats. Ann. 107.273] fixes a period of one year for libel suits, but if the libellant dies before the expiration of one year, sec. 19 may extend the period of limitation to nine months after his administrator is appointed. Section 17 would permit setting up such action in a counterclaim after either of these periods had ended.

The subject of the legislation is first defined in sec. 12 by the words "the following actions." The thing done to that subject is to prescribe a whole series

of rules, all of which must be considered as part of the "periods hereinafter prescribed." It is not consistent with sec. 12 to select one or four or several of the subsequent sections and declare that only these are "periods hereinafter prescribed" with respect to the subject of the Act.

To make this doubly clear, the legislature added in sec. 12 the phrase "except when a different limitation is prescribed by statute." This exception modified the "periods hereinafter prescribed" by excluding all of them, not merely some of them, from application to cases governed by other statutes.

There is good reason why the general statute of limitations should not apply to special statutory actions: the former applies to *remedies,* and may be waived, while the latter are usually construed as creating rights unknown to the common law, upon condition (attached to the right) that suit be brought in the time therein specified.

It is now settled in Illinois that the Injuries Act, ch. 70, Ill. Rev. Stat., falls in the latter classification. "The time fixed for commencing the cause of action created by the statute is a condition of the liability itself and not of the remedy alone." *Carlin v. Peerless Gas Light Co.,* 283 Ill. 142. To similar effect: *Bishop v. Chicago Rys. Co.,* 303 Ill. 273; *Smith v. Toman,* 368 Ill. 414; *Metropolitan Trust Co. v. Bowman Dairy Co.,* 369 Ill. 222.

Counsel for appellant are correct in stating that there is no precedent in Illinois involving presentment in a counterclaim of this type of action after it had been barred. But it is not true that the weight of authority in other jurisdictions supports the right to do so. The authorities cited by appellant, including the note in 127 A. L. R. 909, plainly deal with suits involving limitations of remedy, and many of the cases refer to statutory provisions similar to our sec. 17, extending the *remedy* as to counterclaims. This is

quite different from asserting that a counterclaim may omit a condition precedent to the cause of action. After some search, we have been unable to find a single precedent in the United States, where it was allowed or even suggested.

The distinction between limitations of remedy, and conditions attached to the right, is not confined to this State, but is generally recognized as fundamental in rules of pleading. See 54 C. J. S. Limitations, secs. 344, 347, 354 and 357b. The following general statement is from 34 Am. Jur. Limitations, sec. 7:

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability, and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition . . . If not accepted . . . the defendant is exempt from liability."

We are also of the opinion that nothing in the Practice Act (Ill. Rev. Stat. ch. 110 [Jones Ill. Stats. Ann. 104.001 *et seq.*]) can be regarded as changing the essential elements of an action under the Injuries Act. A counterclaim must be complete in itself. The Act prescribes *how* claims may be presented in an orderly manner, but not *what* is a good cause of action. Section 38 [Ill. Rev. Stat. ch. 110, par. 162; Jones Ill. Stats. Ann. 104.038] permits great liberality in filing counterclaims, but also requires that causes thus set up "shall be pleaded in the same manner and with

the same particularity as a complaint.'' We have no doubt counsel would concede their counterclaim should be stricken if they failed to include the essential allegations of negligence on the part of the alleged wrongdoer. By the law of Illinois and other states, allegations bringing the claim within the required time are equally essential. And sec. 46 [Ill. Rev. Stat. ch. 110, par. 170; Jones Ill. Stats. Ann. 104.046] pertaining to amendments, merely makes an amendment relate back to the original counterclaim. It does not alter the time the claim must be presented, which is fixed in the Injuries Act. *Fitzpatrick v. Pitcairn,* 371 Ill. 203. (This case did not involve a counterclaim, but pertains to amendments in general.)

We conclude that, at the time appellant filed his original counterclaim, he had no cause of action under the facts stated, and the court properly allowed the motion to strike.

Objections have been made to the form of the court's orders. Possibly the form of the original order entered February 5, 1948, sustaining a motion to strike the original counterclaim, was not precisely correct, but it does not appear the defendant was thereby prejudiced. On February 13 defendant filed a motion to set aside the order and for leave to file an amended counterclaim. On February 20 he asked for and secured leave to amend this pleading. Thus he still was given time to tender a counterclaim which obviated the defect upon which the court had ruled. He did not do so, but elected to tender an amended pleading which did not remove the objection.

While the trial court should be liberal in the allowance of proper amendments, this does not require that a party be permitted repeatedly to file pleadings which do not serve to cure the defect upon which the court has ruled. Here the defendant was persisting in the attempt to present a claim which did

not state a cause of action. We find no abuse of discretion in the court's rejection thereof.

The judgment of the trial court entered on March 30, 1948, is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J., and BARDENS, J., concur.