(No. 4824 ▮▮▮▮▮▮)

BENNIE TRUITT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 24, 1958.*

*Supplemental opinion filed March 26, 1959.*

SPENCER T. HARDY, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

Tolson, C. J.

On May 28, 1958, Bennie Truitt filed his complaint against the State of Illinois, in which he seeks damages in the amount of $150,000.00 for alleged wrongful incarceration.

On June 26, 1958, respondent filed a motion to dismiss for the following reasons:

1. The claim alleged is barred by the prior decision of this Court filed on October 22, 1954 in case No. 4637.
2. The claim alleged is not within the jurisdiction of this Court for the reason that it is not alleged that the claimant was innocent of the crime for which he was imprisoned, as required by Par. 439.8, Chap. 37, 1957 Ill. Rev. Stats.
3. The claim was not filed within the time limited by law.

On July 7, 1958, claimant filed an amended complaint, and charged the Parole and Pardon Board of the State with certain errors and omissions. This amended complaint is so vague and uncertain that the Court, on its own motion, must dismiss it as being legally insufficient.

It is of interest to note that this matter has heretofore been before the Court in case No. 4637. In this prior case, claimant was represented by counsel, and this Court dismissed the complaint on the grounds that it had no authority to make an award in any case involving wrongful incarceration.

In 1957 the Legislature amended the Court of Claims Act in the following particulars:

JURISDICTION

"(A) _____
(B) _____
(C) All claims against the State for time unjustly served in prisons of this State where the persons imprisoned prove their innocence of the crime for which they were imprisoned; provided, the Court

shall make no award in excess of the following amounts: for imprisonment of 5 years or less, not more than $15,000; for imprisonment of 14 years or less but over 5 years, not more than $30,000; for imprisonment of over 14 years, not more than $35,000; and provided further, the Court shall fix attorney's fees not to exceed 25% of the award granted."

LIMITATIONS

"

Every claim cognizable by the Court arising under subsection C of Section 8 of this Act shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within 2 years after the person asserting such claim is discharged from prison, or is granted a pardon by the Governor, whichever occurs later."

Taking the case in its most favorable light for claimant, it appears of record that claimant was committed to the Illinois State Penitentiary on July 31, 1914, and was thereafter released on March 2, 1945. For claimant to prevail, his complaint would have had to be on file by March 2, 1947. Under existing law, there is no way that claimant can come within the provisions of the amendment.

The motion of respondent to dismiss is, therefore, allowed.

SUPPLEMENTAL OPINION

On May 28, 1958, Bennie Truitt, pro se, filed his complaint against the State of Illinois seeking damages in the amount of $150,000.00 for alleged wrongful incarceration. On June 26, 1958, respondent filed a motion to dismiss the case for the following reasons:

1. The claim alleged is barred by the prior decision of this Court filed on October 22, 1954 in case No. 4637.
2. The claim alleged is not within the jurisdiction of this Court for the reason that it is not alleged that claimant was innocent of the crime for which he was imprisoned, as required by Par. 439.8, Chap. 37, 1957 Ill. Rev. Stats.
3. The claim was not filed within the time limited by law.

On July 7, 1958, claimant filed an amended complaint, and charged the Parole and Pardon Board of the State of Illinois with certain errors and omissions. This amended complaint was so vague and uncertain that the Court, on its own motion, did dismiss it as being legally insufficient.

On December 2, 1958, claimant secured counsel, who filed an amended petition and brief in support thereof. On December 19, 1958, respondent filed a motion to strike the amended petition on the ground that it was barred by the statute of limitations. On January 7, 1959, claimant filed an answer to the motion to strike, and the matter is now before this Court on the motion and answer.

The Legislature, in 1957, amended the Court of Claims Act in the following particulars:

JURISDICTION—Chap. 37, Sec. 439.8, 1957 Ill. Rev. Stats.

(A) _____
(B) _____
(C) All claims against the State for time unjustly served in prisons of this State where the persons imprisoned prove their innocence of the crime for which they were imprisoned; provided, the Court shall make no award in excess of the following amounts: for imprisonment of 5 years or less, not more than $15,000; for imprisonment of 14 years or less but over 5 years, not more than $30,000; for imprisonment of over 14 years, not more than $35,000; and provided, further, the Court shall fix attorney's fees not to exceed 25% of the award granted."

LIMITATIONS—Sec. 439.22

" _____
Every claim cognizable by the Court arising under subsection C of Section 8 of this Act shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within 2 years after the person asserting such claim is discharged from prison, or is granted a pardon by the Governor, whichever occurs later."

Counsel in his brief alleges that his client's claim was dismissed in 1954 (Case No. 4637) on the grounds that

the Court was without authority to consider any claim involving wrongful incarceration, but that claimant took advantage of every legal step in his power to keep his claim alive.

He now alleges that Secs. 439.8 and 439.24 are in direct conflict, that to give a literal interpretation to Sec. 439.8 would be to take away rights that have accrued without providing a remedy, and that the Legislature by enacting Sec. 439.24 attempted to remedy the situation.

This Court does not believe that the proposition is a correct statement of the law. No person has a vested or a common law right for compensation for wrongful incarceration.

Prior to 1957 an aggrieved party was required to secure a direct appropriation from the Legislature for compensation, and every case filed in the Court of Claims was dismissed on motion for the reason that the Court had no authority to make an award.

In 1957, the Legislature, recognizing the inequities of these cases, provided a remedy, as well as a statute of limitations. It is to be noted that the statute makes no provision by a savings clause for persons in the position of claimant. Having created a remedy for the first time, the Legislature has restricted its operation to a two year period from the time the right accrued.

Without considering the merits of the case, this Court finds that there is no way that claimant can secure relief in the Court of Claims, and that his only remedy is in the Legislature.

The motion to strike the amended complaint is, therefore, allowed.