WOOD ACCEPTANCE CO., Plaintiff-Appellee, *v.* THEDERO KING, Defendant-Appellant.

(No. 59115; )

First District (5th Division)—February 22, 1974.

Ron Fritsch, of Chicago, for appellant.

Michael Brown, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Wood Acceptance Co., filed this action to recover a judgment for a deficiency allegedly due after the repossession and resale of defendant's automobile purchased under a retail installment sales contract. Defendant filed an answer and a counterclaim. The answer denies plaintiff's claim that any money is due and asserts three affirmative defenses based on plaintiff's alleged violations of the Uniform Commercial Code, the Motor Vehicle Retail Installment Sales Act and the Sale Finance Agency Act. The counterclaim prays for a judgment in the amount double the finance charge set forth in the retail installment contract which is the penalty provided in section 130(a) of the Federal Truth in Lending Act (15 U.S.C.A. Par. 1640(a) (1973).) for failing to make certain disclosures in this type of credit transaction. On plaintiff's motion, the

counterclaim was dismissed for failure to file the claim within one year from the date of the occurrence of the alleged violations as required by the Act.. (15 U.S.C.A. par. 1640(e) (1973).) This interlocutory appeal was taken from that order. (Ill. Rev. Stat. 1973, ch. 110A, R.304(a).) Since defendant challenges only the propriety of that order, it is not necessary to further review the facts.

The sole issue for our determination is whether the one year limitation in the Federal Truth in Lending Act bars the filing of the instant counter-claim.

Defendant admits that he did not file within the Act's one year period, but contends that section 17 of the Limitations Act (Ill. Rev. Stat. 1971, ch. 83, par. 18) permits such filing. It provides:

> "A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise: * * *."

The above section like other analogous statutes of limitation does not supplant fixed limitations expressed in statutes that create the actions. Thus, the non-existent rights at common law to contest the validity of a will within three years of probate,[1] to sue a person or corporation for the wrongful death of another within one year of the death,[2] and to have a judgment create a lien upon the debtor's real estate without the creditor's execution for a period of one year,[3] have all been construed as creating the condition precedent that the action be filed within the time prescribed in the statute creating the right. *Spaulding v. White*, 173 Ill. 127, 50 N.E. 224; *Smith v. Toman*, 368 Ill. 414, 14 N.E.2d 478; *Carlin v. Peerless Gas Light Co.*, 283 Ill. 142, 119 N.E. 66.

The rationale generally stated for holding that compliance with fixed limitations within the statute is indispensable to the maintenance of a right thereunder is that the statutes create rights unknown to common law, fixing a time within which the action may be commenced, which element *is such an integral part of the enactments that it necessarily is a condition of the liability itself and not on the remedy alone. A statute of limitations, on the other hand, applies only to the remedy, is pro-

---

[1] Laws of 1939, p. 4., *as amended* Ill. Rev. Stat. 1973, ch. 3, par. 90:
The time to contest the validity of the will has been reduced to six months from the admission of the will to probate.

[2] Laws of 1935, p. 916., *as amended* Ill. Rev. Stat. 1973, ch. 70, par. 2:
The period in which to file suit has been extended to two years.

[3] Laws of 1825, p. 151., *as amended* Ill. Rev. Stat. 1973, ch. 77, par. 1:
The grace period of one year for execution was omitted in the amendatory Act of 1925.

cedural in nature and may therefore be waived. *The Steamer Harrisburg v. Rickards,* 119 U.S. 199, 30 L.Ed. 358, 7 S.Ct. 140; *Wilson v. Tromly,* 336 Ill.App. 403, 84 N.E.2d 177, aff'd 404 Ill. 307, 89 N.E.2d 22; *Carlin v. Peerless Gas Light Co.,* 283 Ill. 142, 119 N.E. 66; 34 Am.Jur., *Limitations,* par. 7 (1941).

In *Helle v. Brush,* 53 Ill.2d 405, 292 N.E.2d 372, the court cautions against a boilerplate application of the rationale that demands strict compliance with all prerequisites of the statutory created actions before permitting a person to assert any rights thereunder. The issue there was whether defendant's timely counterclaim, arising out of the same occurrence as the underlying suit, could be filed against a public entity under the provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1967, ch. 85, par. 8—102) where there had been a failure to comply with the notice requirements of the Act. The court found that the purpose of section 17 of the Limitations Act to be one of fundamental fairness as well as a desire to grant defendant his complete day in court and that such purposes when balanced against the rationale for the notice section of the Tort Immunity Act far outweighed the latter thereby furnishing compelling logic for permitting defendant to assert his counterclaim. The decision explicitly rejects as broad and imprecise the classification of section 8—102 as a condition precedent to the assertion of the right.

This same practical test may be utilized in the instant case. Although our research into the congressional hearings on the enactment of the Federal Truth in Lending Bill fails to disclose the purpose behind the one year filing period, we note that the Act is intended to safeguard the consumer in connection with the utilization of credit and the enforcement of the Act is accomplished largely through the institution of civil actions. For this reason, no provision was made for investigative or enforcement machinery at the federal level on the assumption that the civil penalty section would secure substantial compliance with the Act.[4] The placement of such responsibility on the often unknowledgeable consumer lends support for the conclusion that the penalty sought to be imposed on violators of this Act should not be circumvented where the debtor's obligation is not stale and is raised by way of a section 17 counterclaim arising out of the same occurrence. We conclude that the one year limitation in which to bring the federal right is not such an integral part of the Federal Truth in Lending Act as to outweigh the combined purposes of that Act and section 17 of the Limitations Act.

---

[4] W. Proxmire, Report on Truth in Lending Act, H. R. Rep. No. 392, 90th Cong., 1st Sess., (1967).

Support for our holding is found in a recent New York decision where, under the interpretation of a New York statute substantially similar to our section 17 of the Limitations Act, the court allowed defendant's untimely counterclaim alleging violations of the Federal Truth in Lending Act although the one year period had expired. (*First National City Bank v. Drake*, CCH (1969-1973 Transfer Binder) Consumer Credit ¶ 98,939 at 88,652.) We are therefore granting defendant his day in court.

Accordingly, the judgment of the circuit court dismissing defendant's counterclaim is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

SULLIVAN, P. J., and DRUCKER, J., concur.