(No. 76-CC-0877—)

STUART DAISERMAN, Individually and as Administratrix of the Estate of JEFFREY KAISERMAN, Deceased, Et al, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed September 15, 1978.*

PER CURIAM.

This matter comes before the Court on Claimant's motion to vacate order of dismissal and Respondent's objections to said motion.

On July 15, 1976, this Court dismissed the original complaint because the complaint was filed over two years after the action accrued and was barred by the limitations imposed by the "Court of Claims Act" (Ill. Rev. Stat., Ch. 37, sec. 439.22, 1975).

The question is whether the new motion to file an amended complaint on August 25, 1976, comes within the two year limitation imposed by the "Court of Claims Act."

It is the contention of Claimant that the new motion was filed within the two year limitation imposed by the "Court of Claims Act" and it is the contention of Respondent that it does not come within the two year limitation.

It is also Respondent's contention "that the alleged rationale for filing the amended complaint under Ill. Rev. Stat., Ch. 83, Sec. 24 (a), 1975 has no relationship to the statute of limitations imposed by the Court of Claims, since Section 24 (a) sets out specific situations wherein that Section applies, none of which apply to this particular case; that the specific situations described in this Section are as follows:

a. "If judgment is given for the plaintiff but reversed on appeal;"

b. If there is a verdict for the plaintiff and upon matter alleged in arrest of judgment, the judgment is given against the plaintiff;

c. If the plaintiff is nonsuited, or the action is dismissed for want of prosecution, then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the plaintiff is nonsuited or the action is dismissed for want of prosecution;

that said action in the Circuit Court was not "reversed on appeal," nor was the "verdict for plaintiff" and "in arrest of judgment," then rendered "against the plaintiff," nor was the plaintiff "non-suited or dismissed for want of prosecution," and thus this statute has no effect upon the two year limitation provided in the "Court of Claims Act;"

3. That even if the "nonsuited" provision of Ch. 83, Section 24 (a) could possibly be interpreted as applying to this particular cause of action, this Court would still lack jurisdiction to hear this matter due to the exclusive provisions of the "Court of Claims Act" and the limitations specifically provided in the Act "makes no provision by a savings clause" for persons filing beyond the two years, except through the Legislature, *Truitt v. State of Illinois, 23 Ill. Ct. Cl. 58, 62* and that the maximum limitation for jurisdiction of the Court of Claims is absolute at two years, *Munch v. State of Illinois, 25 Ill. Ct. Cl. 313, 316,* and the general limitations provided in Chapter 83 have no application to special statutory actions like the "Court of Claims Act," *Robert N. Wilson, Administrator of Estate of Ruth Titzer Wilson v. Fred Tromly, Administrator of Estate of Nolen Stevens, 336 Ill. App. 403, 408,* and *Wilson v. Tromley, 404 Ill. 307, 312,* and therefore the motion of Claimant must be denied for lack of jurisdiction of the Court of Claims.

4. "That the motion to vacate the Court of Claims order of dismissal was filed beyond the 30 days provided for in Rule 22 and Rule 24 of the Court of Claims and thus should be denied for a rehearing or a new trial as well as to file any further pleadings in this matter."

It is the opinion of this Court that the Respondent's motion is correct and the motion to vacate order of dismissal is therefore denied.