Thomas S. **DAWE** and Ila Mae Dawe, Petitioners,

v.

**MERCHANTS MORTGAGE AND TRUST CORPORATION, a Colorado corporation, Respondent.**

No. 83SC20.

Supreme Court of Colorado, En Banc.

June 25, 1984.

---

French & Stone, P.C., Robert W. Stone, David M. Haynes, Boulder, for petitioners.

Davis & Ceriani, P.C., Gary J. Ceriani, Denver, for respondent.

ERICKSON, Chief Justice.

The district court granted summary judgment in favor of Merchants Mortgage & Trust Corp. (Merchants) finding that Thomas and Ila Dawe's (petitioners) right to rescind a land transaction under the Federal Truth In Lending Act (TILA), 15 U.S.C. § 1635(a) (1982), was barred by the three year statute of limitations contained in 15 U.S.C. § 1635(f) (1982). The Court of Appeals affirmed. *Merchants Mortgage & Trust v. Dawe*, 660 P.2d 1299 (Colo.App. 1982). We granted certiorari and now reverse the Court of Appeals.

## I.

On September 30, 1973, petitioners executed a promissory note and deed of trust in favor of the Woodmoor Corp. (Woodmoor) for the purchase of a parcel of real estate located near Steamboat Springs, Colorado. The notice to petitioners of the right to rescind did not comply with the disclosure requirements of TILA. The parties stipulated that Woodmoor executed the sales agreement sometime between September 30 and October 4, 1973. Merchants obtained the promissory note and deed of trust by assignment from Woodmoor.

Petitioners paid the required monthly mortgage installments from November 10, 1973, through August 10, 1974. Petitioners refused, however, to make any payments after August 10, 1974, because it had become obvious to them that the subdivision improvements would not be completed.

On November 29, 1978, Merchants filed a complaint in Boulder District Court seeking a judgment of $14,927.34 on the unpaid principal balance of the note. On June 4, 1980, petitioners notified Merchants by letter of their intention to exercise their right to rescind the land sale agreement under 15 U.S.C. § 1635(a).

On October 21, 1981, the district court granted Merchants' motion for summary judgment, and found, in part, that, although the notice of the right to rescission was defective because of a misstatement of the last date on which the right of rescission could be exercised, petitioners' right to rescind was, nonetheless, barred by the three year statute of limitations contained in section 1635(f).[1]

On November 2, 1981, petitioners filed a motion to reconsider alleging that the district court mischaracterized their request for rescission as a demand for affirmative relief, rather than as a defense in the nature of recoupment. In petitioners' view, since their request for rescission was a defense in the nature of recoupment, it was not barred by section 1635(f). The trial court denied petitioners' motion finding that "[t]he claimed defense of rescission does not go to the justice of [Merchants'] claim; it seeks a penalty as relief from an independent wrong. Thus, it does not seek relief in the nature of recoupment."[2]

The Court of Appeals affirmed and held that the petitioners' claim was not in the nature of recoupment and was therefore barred by 15 U.S.C. § 1635(f).[3]

1. The trial court stated:
   [T]he Amendment to § 1635(f) requires a consumer to exercise rights thereunder, no later than three years after the cause of action arose or October 28, 1977, whichever is later. Because the [petitioners] failed to do so in this case, their right to rescind is barred.

2. The trial court said:
   In this case the Court is not persuaded that the duty imposed upon [Merchants] by § 1635(a) of the TILA is a cross obligation as that term has been traditionally employed in the definition of recoupment. Rather, it is an "extrinsic by-product of this transaction and is not dependent upon the lender's contractual obligations." (Citation omitted.)

3. The Court of Appeals stated in pertinent part:
   While recoupment may be available under some circumstances, the defense here asserted is not in the nature of recoupment. The right to recoup de[p]ends on the existence of the contract, *Riverside Park Realty Co. v. Federal Deposit Insurance Corp.*, 465 F.Supp. 305 (M.D.Tenn.1978), while rescission is based upon its disaffirmation. Accordingly, a remedy based on the affirmance of the contract is inconsistent with rescission. (Citation omitted.)

## II.

Petitioners assert that the three year statute of limitations contained in 15 U.S.C. § 1635(f) should not bar their right to rescind because the events which provided the basis for their challenge under 15 U.S.C. § 1635(a) occurred prior to the statute's enactment in 1974. Accordingly, petitioners claim that there is no limitation on the time period in which they can rescind. Petitioners contend in the alternative that, even if 15 U.S.C. § 1635(f) is applicable to causes of action accruing prior to the effective date of the statute, their request for rescission was raised as a defense in the nature of recoupment, rather than as a demand for affirmative relief, and is not barred by 15 U.S.C. § 1635(f).[4]

We need not address petitioners' first contention as to the retroactive effect of 15 U.S.C. § 1635(f) with respect to actions arising prior to the statute's effective date because we find that, under the circumstances in this case, petitioners' demand for rescission constitutes a defense in the nature of recoupment and is not barred by the limitations period set forth in section 1635(f).[5]

### A.

TILA affords consumers an opportunity to rescind a consumer credit transaction in which a security interest is obtained in any real property which is used as a residence by the obligor. *Dougherty v. Hoolihan, Neils & Boland, Ltd.,* 531 F.Supp. 717 (D.Minn.1982). The obligor shall have three days to rescind a transaction following the consumation of the transaction or following delivery of the disclosures required under TILA.

Within ten days after receiving notice of rescission, the creditor is required to return all money received from the borrower and to take all necessary actions to reflect the termination of any security interest created under the transaction. *Bustamante v. First Federal S. & L. Ass'n.,* 619 F.2d 360 (5th Cir.1980). Once a creditor has performed these duties, the obligor is required to tender any of the loan proceeds received from the creditor. *Gerasta v. Hibernia Nat. Bank,* 575 F.2d 580 (5th Cir.1978). If the statutory disclosures are never made, the obligor has a continuing right to rescind. *Rudisell v. Fifth Third Bank,* 622 F.2d 243 (6th Cir.1980).

Congress, in 1974, enacted 15 U.S.C. § 1635(f) which provides:

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs earlier, notwithstanding the fact that the disclosures required under this section or any other material disclosures required under this part have not been delivered to the obligor.[6]

Thus, this continuing right to rescind terminates within three years after the consummation of the transaction, whether or not disclosures have been made.

There is a well-recognized distinction between the maintenance of an original action and the assertion of a defense by recoupment. *Wyatt v. Burnett,* 95 Colo. 414, 36 P.2d 768 (1934). Recoupment which arises out of and is connected with the transaction upon which the original action is brought survives for as long as the cause of action upon the note exists. *Id.* Speaking to the question of recoupment,

---

**4.** Petitioners assert that, under *Strader v. Beneficial Finance,* 191 Colo. 206, 551 P.2d 720 (1976), Merchants is estopped by the doctrine of laches from asserting the limitations period as a defense. Because we decide this case on other grounds, we need not address the issue.

**5.** Implicit in our ruling here that petitioners' demand for rescission is not barred by the relevant statute of limitations is our view that Congress did not intend in section 1635(f) to limit to three years the *existence* of the substantive right

to rescind. *See James v. Home Const. Co. of Mobile, Inc.,* 621 F.2d 727 (5th Cir.1980); *see also Clemmer v. Liberty Fin. Planning, Inc.,* 467 F.Supp. 272 (W.D.N.C.1979). *But see Jamerson v. Miles,* 421 F.Supp. 107 (N.D.Tex.1976).

**6.** In 1980, Congress amended 15 U.S.C. § 1635(f) to provide for certain exceptions to the limitations period. *See* Truth in Lending Simplication and Reform Act, Pub.L. 96–221, § 612(a)(6).

the United States Supreme Court, in *Bull v. United States,* 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935), stated:

> If the claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained notwithstanding the statute of limitations had barred an independent suit against the government therefor. *This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely.*

(Emphasis supplied.)

■ A general rule is that a statute of limitations, although barring the use of a claim for affirmative relief after the limitations period has run, is not a bar to asserting that claim as a defense. *Ackmann v. Merchants Mortg. & Trust Corp.,* 645 P.2d 7 (Colo.1982). It is well settled that the rule is applicable to instances where an untimely claim is raised as a defense to a suit on a promissory note. *Id.*

We are unaware of any jurisdiction which has addressed the precise issue raised here: Whether the three year statute of limitations contained in 15 U.S.C. § 1635(f) bars a defensive plea of recoupment based on TILA. Many courts have, however, considered the related question of whether the one year statute of limitations contained in 15 U.S.C. § 1640(e) (1982)[7] may be used defensively to defeat a plaintiff's claim for damages under 15 U.S.C. § 1640 (1982). *Compare Wood Acceptance Co. v. King,* 18 Ill.App.3d 149, 309 N.E.2d 403 (1974) (limitations period does not bar counterclaim based on 15 U.S.C. § 1640) and *Household Finance Corp. v. Hobbs,* 387 A.2d 198 (Del.Super.Ct.1978); *with Shannon v. Carter,* 282 Or. 449, 579 P.2d 1288 (1978) (defense of recoupment based upon violation of TILA barred by statute of limitations) and *Ken-Lu Enterprises, Inc. v. Neal,* 29 N.C.App. 78, 223 S.E.2d 831 (1976).

■ In this case, petitioners' TILA claim arose contemporaneously with the execution of the deed of trust and promissory note. Both claims arose out of the same purchase agreement. Merchants brought suit to obtain judgment on a delinquent promissory note, and petitioners asserted a right to rescind on the basis of a TILA violation.

■ In our view, petitioners' defense emerges from the transaction upon which Merchant's complaint is based. Petitioners here do not seek restitution for the installment payments tendered previously to Merchants; rather, they seek to avoid liability for future payments on the note. Their defense is, therefore, in the nature of recoupment rather than a claim for affirmative relief.[8]

The purpose of TILA is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more

7. Section 15 U.S.C. § 1640(e) (1976) provided:
Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."
In 1980, Congress amended section 1640(e) and added the following provision:
This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State Law.
*See* Truth in Lending Simplification and Reform Act, Pub.L. 96–221 § 615(a)(4).

8. It is unnecessary to discuss whether this court, in interpreting a federal statute of limitations, should apply state law or federal common law because both federal and Colorado law are sufficiently broad to allow petitioners' recoupment claim here. *See* Comment, *Truth in Lending and the Statute of Limitations,* 21 Vill.L.Rev. 904, 914–15 (1976). For example, federal courts permit recoupment for all matters arising out of the same transaction as the plaintiff's claim. *See Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). And, in *Ackman v. Merchants Mortg. & Trust Corp.,* 645 P.2d 7 (Colo.1982), we expressed a broad policy favoring expanded application of the defense of recoupment. In that case, however, we stated that the remedy was relevant only to the extent that it created a "defense to the asserted right."

readily the available credit terms and to avoid the uninformed use of credit. 15 U.S.C. § 1601 (1982). If recoupment claims were barred by the relevant statute of limitations, lenders could avoid the penalties of the Act by waiting, as here, three years or more to sue on the borrower's default, and thereby frustrate the fundamental policy of TILA. *See Household Finance Corp. v. Hobbs,* 387 A.2d 198 (Del.Super.Ct.1978). Further, it is likely that most borrowers will know nothing about the provisions of TILA until they consult an attorney after the statute of limitations has run. Allowing creditors to profit from a violation of TILA simply because three years has passed would not further the purposes of the Act.

We conclude that petitioners' demand for rescission constitutes a defense in the nature of recoupment and is not barred by the limitations period set forth in 15 U.S.C. § 1635(f).

The judgment is reversed.

NEIGHBORS and KIRSHBAUM, JJ., did not participate.

The claim there raised a question of defense to the promissory notes rather than affirmative relief. The defense of recoupment includes not only sums which are due and owing but future liabilities as well.