695 So.2d 431 (1997)
Brent Tracy KASKET, Appellant,
v.
CHASE MANHATTAN MORTGAGE CORP., Appellee.
No. 95-1965.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
Rehearing Denied July 1, 1997.
*432 James A. Bonfiglio, Boynton Beach, for appellant.
Anne S. Mason of Mason & Associates, P.A., Clearwater, for appellee.
WARNER, Judge.
When the Resolution Trust Corporation (RTC), as conservator for Carteret Savings, a failed savings and loan association, filed suit to foreclose the mortgage on appellant's home, appellant raised affirmative defenses and counterclaims alleging violations of the Truth in Lending Act (TILA), 15 U.S.C. *433 § 1601 et seq., in the consummation of this loan transaction. For relief, appellant requested both rescission of the mortgage and damages. The trial court granted neither, finding that appellant was barred by the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), 12 U.S.C. § 1811 et seq., from bringing his affirmative defenses and counterclaims. Based on Beach v. Great Western Bank, 692 So.2d 146 (Fla.1997), we affirm insofar as appellant sought rescission but we reverse as to appellant's affirmative defenses requesting damages.
Appellant entered into a mortgage on his home with Carteret in April of 1991. In December of 1992, Carteret was taken over by the RTC, which transferred the appellant's mortgage to the new thrift corporation established to receive the old thrift's assets. Appellant defaulted on his payments on the mortgage in March of 1994, and the RTC filed suit to foreclose in July of 1994.
In response to the suit, appellant filed affirmative defenses and a counterclaim alleging various violations of TILA. He requested rescission pursuant to section 1635 of TILA and damages pursuant to section 1640 of TILA. The RTC contended in its reply that the court lacked subject matter jurisdiction of the affirmative defenses and counterclaim because appellant had not brought a claim under section 1821 of FIRREA. In its answer to the counterclaim, RTC also claimed that it was barred by the statute of limitations.
During the pendency of the suit, Chase Manhattan Mortgage Corporation (Chase) bought the mortgage and note from the RTC as part of the process of cleaning up the Carteret failure. At the final hearing, appellant argued that Chase could not assert the FIRREA defenses of the RTC. In ruling in favor of Chase, the court held that Chase, as a successor-in-interest to the RTC, could raise FIRREA defenses and that under FIRREA, appellant's affirmative defenses and counterclaim were "claims" within the meaning of FIRREA. Because appellant had failed to exhaust his remedies through the administrative claims process, the court lacked subject matter jurisdiction to hear appellant's affirmative defense and counterclaim. See 12 U.S.C. § 1821(d)(13)(D). The court also held that RTC had not waived compliance with the claims procedure by failing to give notice to appellant of the claims procedure. The court then entered a judgment of foreclosure, and appellant filed his appeal.
After this case was orally argued, we stayed the proceedings awaiting the supreme court's ruling in Beach, as that case would affect the outcome of the instant suit. In Beach, the supreme court held that the rescission remedy under section 1635 of TILA could not be brought as an affirmative defense in the nature of recoupment after the expiration of three years from the date of the mortgage transaction, as the statutory right to rescission under that section expired after that period. Because the appellant did not bring his action within that time, Beach bars his claims for rescission. We therefore deal only with the claims for damages under section 1640 of TILA.
Moreover, we deal only with the issues raised in the trial court and on appeal. We would note that at no time did the RTC or Chase raise the issue of whether it is exempt from liability under section 1641(a) of the Truth in Lending Act. That section provides for liability under the act for assignees of the creditor if TILA violations appear on the face of the disclosure statements. It excepts, however, involuntary assignments. Neither the RTC nor Chase has asserted that because the assignment from Carteret to the RTC was involuntary, TILA damage remedies are unavailable. Thus, it is important to note that our analysis of these issues is made without reliance on this subsection, the assertion of which may have made a substantial difference both in our reasoning and result.
Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 in response to the emerging crisis in the financial stability of various banks and savings and loan associations across the country. Resolution Trust Corp. v. Love, 36 F.3d 972 (10th Cir.1994). When an institution is taken over by the RTC, it has broad powers to gather the assets of the institution and settle claims against it. So as *434 not to burden the courts with a multitude of claims, and to assure an orderly and expeditious method of disposing of claims against failed institutions, 12 U.S.C. § 1821(d)(13)(D) provides, in part, that:
[N]o court shall have jurisdiction over
(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.
Instead, RTC must publish notice of its takeover and provide for at least 90 days during which creditors may file claims. 12 U.S.C. § 1821(d)(3)(B), (C). It must act on any claims within six months. If a claim is disallowed, administrative review is permitted, or the claimant may file a suit. If, however, a claim is not filed within the applicable time period, then that claim is disallowed and "such disallowance shall be final." 12 U.S.C. § 1821(d)(5)(C)(i).
Appellant contends that his affirmative defenses and counterclaim are "defenses," not "claims" within the meaning of the act. In Resolution Trust Corp. v. Schonacher, 844 F.Supp. 689 (D.Kan.1994), the court adopted a two-part test to determine which counterclaims and defenses are subject to the mandatory administrative claims process under FIRREA. First, the affirmative defense or counterclaim must be of the type described in the statute. "`[T]he bar embodied in clause (i) reaches (1) claims for payment from the assets of [the failed institution], (2) actions for payment from those assets and (3) actions for a determination of rights with respect to those assets.'" Id. at 694 (quoting Rosa v. Resolution Trust Corp., 938 F.2d 383, 393 (3d Cir.1991)). Second, the court must determine whether the claim could have been brought independently by the defendant against the institution or the receiver. If it can, then it is a "claim" for which exhaustion of the administrative remedies under the act is mandatory. Schonacher, 844 F.Supp. at 694. In Schonacher, the court held that an affirmative defense for recoupment for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a)(1), by the institution extending credit, including actual and punitive damages and attorney's fees, was a claim because the statute permitted independent recovery for violations.
Other courts have followed Schonacher and have observed that where an affirmative defense can be brought as an independent claim, administrative exhaustion of remedies must occur. See Love, 36 F.3d at 977; National Union Fire Ins. Co. v. City Sav., 28 F.3d 376, 393-94 (3d Cir.1994).
In the instant case, appellant's claim is based upon section 1640 of TILA. That statute provides that a creditor who fails to comply with the statutory disclosure requirements is liable to its debtor for actual damages as well as penalty damages. Section 1640(e) provides for a one year statute of limitations for such actions but permits borrowers to claim recoupment for section 1640 damages as an affirmative defense to a creditor's action to collect the debt. Florida law permits recovery by way of recoupment even though the statute of limitations has expired when the party pleads it in defense of an action brought by the opposing party in connection with the same transaction. See Allie v. Ionata, 503 So.2d 1237 (Fla.1987).
At the time that the RTC took over Carteret, the one year statute of limitations had expired on appellant's TILA damage claim. However, there remained his statutory right to assert the claim in recoupment. Thus, at no time after the RTC took over the institution could appellant have successfully brought an independent claim for section 1640 damages against the RTC. The issue could only be raised as a defense to a suit for collection by the RTC or its successor. Therefore, under the two-part test developed in Schonacher, the appellant's affirmative defense of recoupment for damages pursuant to section 1640 was not a claim which had to be filed through the administrative claims process. As a consequence, the trial court had jurisdiction to determine the issue on the affirmative defense. While the appellant also filed a counterclaim for section 1640 damages, *435 that was barred by the one year statute of limitations, an issue raised by the RTC in its answer. The "counterclaim" was therefore merely an action for recoupment, which is allowed defensively when faced with an action for collection of the debt. See Allie. Thus, it cannot be maintained as an independent claim requiring administrative exhaustion.[1]
Section 1640 damages, however, constitute a civil penalty. See Beach v. Great Western Bank, 670 So.2d 986 (Fla. 4th DCA 1996), app'd, 692 So.2d 146 (Fla.1997); Federal Deposit Ins. Corp. v. Hughes Dev. Co., 684 F.Supp. 616, 621-22 (D.Minn.1988). Therefore, under section 1612(b), which exempts governmental agencies from any civil or criminal penalty under TILA, liability for section 1640 damages could not be imposed on the RTC.
The question raised is whether that exemption can also be asserted by Chase, as an assignee of the RTC. Appellant cites In re Pinder, 83 B.R. 905 (Bankr.E.D.Pa.1988), which holds that a nongovernmental assignee of a mortgage given to a debtor by a federal agency (in Pinder, HUD) was liable to the debtor for a recoupment penalty under TILA, even though HUD would not be liable under section 1612(b). The court noted that section 1641 of TILA defines the liability of assignees, and no exception from liability is provided for voluntary assignees of governmental agencies. This was a voluntary assignment between the RTC and Chase. Therefore, Pinder's rationale would control. We again note, however, that the appellee has not asserted an exemption under section 1641 because the assignment to the RTC from Carteret Savings was involuntary.
Chase claims that it is entitled to assert all of RTC's defenses based on the doctrine of D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), codified as 12 U.S.C. § 1823(e). The doctrine can be asserted by assignees of the FDIC. See Porras v. Petroplex Sav. Ass'n, 903 F.2d 379 (5th Cir.1990). The D'Oench, Duhme doctrine prevents the assertion of side agreements to defeat the interest of the FDIC (or RTC) where those agreements are not in the records or books of the failed institution. The doctrine protects the FDIC which on takeover must evaluate the financial predicament of the failed institution. The mistakes in the Truth in Lending statements in this case do not qualify under the terms of D'Oench, Duhme or section 1823(e), because they come from the face of the documents of the institution itself. There is no secret agreement between the failed thrift and the borrower which would reduce the value of an asset of the institution, as there was in D'Oench, Duhme. The RTC or its assignees needed only to review the truth in lending documents in the records of Carteret to determine whether they complied with TILA.
In its argument, Chase makes a policy argument that RTC "must be able to trust the accuracy of the documents owned by the failed institution and liquidate the assets without examining the legality of the documents." No citation to any authority is made for this statement. What is really advocated is that RTC and its successors should not be required to evaluate any documents in the failed thrift's loan portfolio for any errors, such as TILA violations or usury or the like. While that may be very convenient, it is not the law. If Congress intended for both the RTC and its assigns to be exempt from liability for any error or misstep in the financial documents of an institution, it could have provided that in FIRREA. It did not, and it exempted the RTC only from agreements not found in the records of the institution. 12 U.S.C. § 1823(e). We do not address the application of section 1641 because it was not argued in the briefs.
Therefore, in this case as the issues were presented and addressed, we hold that Chase can be liable for section 1640 damages if appellant proves TILA violations apparent on the face of the loan documents. Because of its determinations regarding jurisdiction, the trial court did not reach the merits of the *436 various TILA violations alleged by the appellant. While the appellant has addressed the matter in detail, there are several issues which will require findings of fact based upon the evidence presented, which should be more appropriately accomplished by the trial court. We therefore reverse and remand to the trial court to determine whether TILA violations occurred in the original transaction. If the trial court finds that there are violations, it should also determine whether these violations are apparent from the face of the documents within the meaning of 15 U.S.C. § 1641 so as to render Chase, as the subsequent assignee of the loan, liable.
Reversed and remanded with instructions.
GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] Because we hold that the affirmative defense alleging TILA violations and damages under section 1640 were not claims which required administrative exhaustion, we do not need to address the notice issue raised by appellant.