STONE, Chief Judge.
Appellant filed a foreclosure action after Appellees failed to make a mortgage payment due in 1993. Appellees answered, asserting violations of the Truth-In-Lending Act (TILA), 15 U.S.C. § 1635. The loan was made in June 1987. Finding several violations of TILA, the trial court entered a judgment of rescission in favor of Appellees.
The final judgment is reversed. The three-year expiration of Appellees’ right to rescission was in June of 1990. They cannot revive the right to rescission by claiming it as a defense. The circumstances here are virtually identical to those before the Florida Supreme Court in Beach v. Great Western Bank, 692 So.2d 146 (Fla.1997). Beach held that the right to rescission, pursuant to 15 U.S.C. § 1635, lapses after three years from the date of the underlying transaction, and it cannot be revived via a defense in recoupment for TILA violations beyond that three-year period. Id. As a statutorily created remedy, the limitation contained within it could not be extended, even as a defense.
Additionally, damages for Appellant’s failure to respond to Appellees’ rescission demand were also not available. Since the statutory limit for rescission had expired, Appellant’s refusal to recognize Appellees’ rescission demand did not constitute a violation of the statute. Thus, the trial court should not have imposed a statutory penalty upon Appellant.
*1262 All other issues raised are moot. We remand for further proceedings.
POLEN and FARMER, JJ., concur.