QUINCE, Judge.
Larry Grayson, individually and as personal, representative of the estate of J.T. Gray-son, challenges the trial court’s entry of final summary judgment in favor of National Enterprises, Inc (NEI). We reverse because the trial court erred in applying the D’Oench doctrine to the facts of this ease.
Joel Perr and Cypress Associates, as maker and guarantor, executed a note (the Perr note) in the principal sum of $650,000.00 made payable to Market Center Development Co. (MCD). MCD borrowed $500,-000.00 from Red River Federal Saving and Loan Association, and to secure payment gave Red River a security interest in the Perr note. MCD later borrowed $363,000.00 from Johnny N. Robertson, who also took an assignment of the Perr note as security for the loan: Robertson,, approximately two years later, borrowed $100,000.00 from Gray-son and secured the loan by assigning $100,-000.00 of his interest in the Perr note.
*100 Red River became insolvent, and the Resolution Trust Corporation (RTC) was appointed receiver and was assigned Red River’s assets, including the Perr note. The RTC filed suit in Oklahoma against MCD, Perr and Robertson on the loan documents and joined Grayson as an additional defendant. The RTC sought a ruling in those proceedings that its interest in the Perr note was paramount to that of the defendants. Since the MCD loan made by Red River had been reduced by $50,000.00, the RTC demanded judgment in the principal sum of $450,000.00 and accrued interest of $89,630.27. A judgment against MCD and Robertson was entered for these sums.
The assets from the MCD loan, including the Perr note, were sold by the RTC at auction to NEI. The assignment to NEI was for “all of the grantor’s rights, obligations and interest, if any” under the Perr note. NEI sued to recover on the Perr note and made claim to the entire note. Grayson intervened and asserted that NEI’s interest in the note was limited to the judgment amount received by RTC. NEI moved for summary judgment alleging Grayson’s interest in the note was barred under D’Oench Duhme & Co. v. F.D.I.C., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). The trial court granted summary judgment, and on motion for rehearing opined the claim made by Grayson would diminish the interest of NEI, the successor of RTC.
The D’Oench doctrine, which is designed to protect insurers of financial institutions from secret agreements that are not recorded on the books of the institution, is codified in 12 U.S.C. § 1823(e) and provides:
No agreement which tends to diminish or defeat the interest of the Corporation [FDIC] in any asset acquired by it ... as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—
(1) is in writing,
(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
(4) has been, continuously, from the time of its execution, an official record of the depository institution.
The D’Oench doctrine may only be applied to Grayson’s claim if the undisputed facts demonstrate his interest tends to diminish or defeat the interest of the corporation.
NEI, as assignee of the RTC, has standing to raise the applicability of the D’Oench doctrine. Kasket v. Chase Manhattan Mortgage Corp., 695 So.2d 431 (Fla. 4th DCA 1997). However, NEI has failed to demonstrate that Grayson’s interest in the note would diminish or defeat the interest it received from RTC. NEI may only claim the interest transferred to it by the RTC. Cadle Company v. Stamm, 633 So.2d 45 (Fla. 1st DCA 1994). The interest NEI received from the RTC is $450,000.00 plus accrued interest. The Perr note is worth $650,000.00 plus accrued interest. Clearly, Grayson’s $100,-000.00 interest in the note, being subordinate to the interest NEI received from the RTC, does not diminish NEI’s interest.
Since the facts do not demonstrate NEI is entitled to judgment as a matter of law, the trial court erred in entering summary judgment in this case, and the summary judgment is hereby reversed.
PARKER, C.J., and FRANK, J., concur.