[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-2372
No. 97-1502

 JOHN P. CONROY, ET AL.,

 Plaintiffs, Appellants,

 v.

 FEDERAL DEPOSIT INSURANCE CORPORATION,
 AS RECEIVER OF WOBURN FIVE CENTS SAVINGS BANK,

 Defendant, Appellee.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. George A. O'Toole, Jr., U.S. District Judge]

 

 Before

 Torruella, Chief Judge,
 Stahl and Lynch, Circuit Judges.

 

John P. Conroy on briefs pro se.
Ann S. Duross, Assistant General Counsel, Colleen B. Bombardier,
Senior Counsel, Maria B. Valdez, Acting Senior Counsel, and Daniel Glenn
Lonergan, Counsel, Federal Deposit Insurance Corporation, on briefs for
appellee.

 

 March 27, 1998
 
 Per Curiam. John P. Conroy, on behalf of himself and his
wife, Patricia E. Conroy, has filed two essentially duplicative
appeals. The first notice of appeal (No. 96-2372) was filed
from a margin order granting the FDIC's motion to dismiss. The
grant of dismissal was thereafter memorialized in a separate
piece of paper as an Order of Dismissal and Conroy filed a
second notice of appeal (No. 97-1502). Although the appeals
are duplicative, the parties have each filed a separate brief
in each appeal. Despite filing two appellate briefs, neither
of Conroy's briefs effectively addresses the district court
decision and we, therefore, affirm.
 Conroy's brief in No. 97-1502 is off-point. The subject
of this brief is an administrative proof of claim that post-
dated the district court's final order of dismissal. As
district court jurisdiction does not obtain prior to exhaustion
of the administrative claims review process, see Forbes v.
FDIC, 850 F. Supp. 94, 97 (D. Mass. 1994), the subject of that
later administrative claim was not properly before the district
court, despite Conroy's attempt to raise the substance of this
new claim at the October 31, 1996 hearing on the FDIC's motion
to dismiss. Appropriately, the district court did not rule (or
for that matter, purport to rule) on the substance of this new
claim. Accordingly, the subject of this new claim is not
properly before us in this appeal.
 And, while Conroy's brief in No. 96-2372 at least appears
focused on the district court's dismissal order, it consists of
four sentences and is devoid of supported argument. As we have
reiterated on occasions too numerous to recount, "issues
averted to in a perfunctory manner, unaccompanied by some
effort at developed argumentation, are deemed waived for
purposes of appeal." Grella v. Salem Five Cent Savs. Bank, 42
F.3d 26, 36 (1st Cir. 1994). In any event, contrary to
Conroy's assertion, the fact that the district court later
concluded that it did not have jurisdiction over Conroy's
claims because they were either time-barred or had not been
presented to the FDIC in its administrative claims review
process does not demonstrate that the district court "clearly
violat[ed] his [sic] earlier decision and clearly violat[ed]
due process."
 The FDIC expresses understandable distress at Conroy's
continuing delaying tactics which have frustrated its
legitimate right to proceed with the resolution of a
foreclosure that occurred in September 1995 and asks us to
enjoin Conroy from bringing any further claim seeking equitable
and/or injunctive relief. We decline to enter such an
injunction, at least at this time, leaving the appropriateness
of entering such an injunction to the consideration of the
district court in the event of future litigation. We point
out, however, that, by failing to make any relevant,
substantive arguments in these appeals, Conroy thereby
effectively has waived any challenge to the district court's
rulings, including its determination that the grant of
injunctive or equitable relief, including rescission, is barred
by the anti-injunction statute, 12 U.S.C. 1821(j). It would
appear that, in any event, res judicata would play a
significant, perhaps determinative, role in any future
litigation.
 Conroy's request for oral argument is denied. The case of
Beach v. Ocwen Fed. Bank, 692 So. 2d 146 (Fla.), cert. granted,
118 S. Ct. 294 (1997), currently pending before the Supreme
Court, does not involve the FDIC and, therefore, it is unlikely
that that Court will have to speak to the additional factor
presented by the anti-injunction statute. More importantly,
because Conroy has presented no substantive argument to contest
the district court's decision (and instead seeks to raise an
issue not properly before either the district court or this
court), we need not reach the substance of the Truth-in-Lending
Act claims he presented below.
 Affirmed.