USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 96-2372
No. 97-1502

 JOHN P. CONROY, ET AL.,

 Plaintiffs, Appellants,

 v.

 FEDERAL DEPOSIT INSURANCE CORPORATION,
 AS RECEIVER OF WOBURN FIVE CENTS SAVINGS BANK,

 Defendant, Appellee.

 ____________________

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. George A. O'Toole, Jr., U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,
 Stahl and Lynch, Circuit Judges.

 ____________________

 John P. Conroy on briefs pro se.
 Ann S. Duross, Assistant General Counsel, Colleen B. Bombardier,
Senior Counsel, Maria B. Valdez, Acting Senior Counsel, and Daniel Glenn
Lonergan, Counsel, Federal Deposit Insurance Corporation, on briefs for
appellee.

 ____________________

 March 27, 1998
 ____________________
 Per Curiam. John P. Conroy, on behalf of himself and his
 wife, Patricia E. Conroy, has filed two essentially duplicative
 appeals. The first notice of appeal (No. 96-2372) was filed
 from a margin order granting the FDIC's motion to dismiss. The
 grant of dismissal was thereafter memorialized in a separate
 piece of paper as an Order of Dismissal and Conroy filed a
 second notice of appeal (No. 97-1502). Although the appeals
 are duplicative, the parties have each filed a separate brief
 in each appeal. Despite filing two appellate briefs, neither
 of Conroy's briefs effectively addresses the district court
 decision and we, therefore, affirm.
 Conroy's brief in No. 97-1502 is off-point. The subject
 of this brief is an administrative proof of claim that post-
 dated the district court's final order of dismissal. As
 district court jurisdiction does not obtain prior to exhaustion
 of the administrative claims review process, see Forbes v.
 FDIC, 850 F. Supp. 94, 97 (D. Mass. 1994), the subject of that
 later administrative claim was not properly before the district
 court, despite Conroy's attempt to raise the substance of this
 new claim at the October 31, 1996 hearing on the FDIC's motion
 to dismiss. Appropriately, the district court did not rule (or
 for that matter, purport to rule) on the substance of this new
 claim. Accordingly, the subject of this new claim is not
 properly before us in this appeal.
 And, while Conroy's brief in No. 96-2372 at least appears
 focused on the district court's dismissal order, it consists of
 four sentences and is devoid of supported argument. As we have
 reiterated on occasions too numerous to recount, "issues
 averted to in a perfunctory manner, unaccompanied by some
 effort at developed argumentation, are deemed waived for
 purposes of appeal." Grella v. Salem Five Cent Savs. Bank, 42
 F.3d 26, 36 (1st Cir. 1994). In any event, contrary to
 Conroy's assertion, the fact that the district court later
 concluded that it did not have jurisdiction over Conroy's
 claims because they were either time-barred or had not been
 presented to the FDIC in its administrative claims review
 process does not demonstrate that the district court "clearly
 violat[ed] his [sic] earlier decision and clearly violat[ed]
 due process."
 The FDIC expresses understandable distress at Conroy's
 continuing delaying tactics which have frustrated its
 legitimate right to proceed with the resolution of a
 foreclosure that occurred in September 1995 and asks us to
 enjoin Conroy from bringing any further claim seeking equitable
 and/or injunctive relief. We decline to enter such an
 injunction, at least at this time, leaving the appropriateness
 of entering such an injunction to the consideration of the
 district court in the event of future litigation. We point
 out, however, that, by failing to make any relevant,
 substantive arguments in these appeals, Conroy thereby
 effectively has waived any challenge to the district court's
 rulings, including its determination that the grant of
 injunctive or equitable relief, including rescission, is barred
 by the anti-injunction statute, 12 U.S.C. 1821(j). It would
 appear that, in any event, res judicata would play a
 significant, perhaps determinative, role in any future
 litigation.
 Conroy's request for oral argument is denied. The case of
 Beach v. Ocwen Fed. Bank, 692 So. 2d 146 (Fla.), cert. granted,
 118 S. Ct. 294 (1997), currently pending before the Supreme
 Court, does not involve the FDIC and, therefore, it is unlikely
 that that Court will have to speak to the additional factor
 presented by the anti-injunction statute. More importantly,
 because Conroy has presented no substantive argument to contest
 the district court's decision (and instead seeks to raise an
 issue not properly before either the district court or this
 court), we need not reach the substance of the Truth-in-Lending
 Act claims he presented below.
 Affirmed.