VAN NORTWICK, J.
In this workers’ compensation appeal, Staff Leasing and Liberty Mutual, the employer and carrier, appeal a final order of the Judge of Compensation Claims denying, pursuant to section 440.49(6)(a), Florida Statutes (1994), appellants’ claim for reimbursement from the Special Disability Trust Fund (the Fund), appellee, for benefits paid to claimant Terry Wright as a result of a June 1994 workplace accident. Because the employer failed to show that it had sufficient knowledge, prior to the accident, of the employee’s preexisting *513 permanent physical impairment as defined in the statute, we affirm the denial of reimbursement.
In section 440.49, Florida Statutes (1994), the legislature has provided for reimbursement of an employer’s excess liability for benefits paid when an employee’s workplace injury merges with, aggravates or accelerates a preexisting permanent impairment causing an increase in compensation or medical benefits than would have resulted for the injury alone. See § 440.49(1), Fla. Stat. (1994). The express intent of the statute is to facilitate the reemployment of the physically disabled by reducing an employer’s insurance premium for re-employing previously injured workers. Id.
Under section 440.49(6)(a), to be entitled to reimbursement from the Fund, the employer must show that it knew of the employee’s preexisting permanent physical impairment prior to the employee’s injury arising out of his work with the employer. Under section 440 .49(2)(a), conditions constituting a “permanent physical impairment” are limited to those impairments listed in section 440.49(6)(a). Although the employer is required to have only general knowledge of most of the impairments listed in subsection (6)(a), qualifying back impairments, described in subparagraphs 19, 20 and 21 of subsection (6)(a), require the employer to have more specific knowledge of any one of three conditions, as follows:
19. Herniated intervertebral disk.
20. Surgical removal of an interverte-bral disk or spinal fusion.
21. One or more back injuries or a disease process of the back resulting in disability over a total of 120 or more days, if substantiated by a doctor’s opinion that there was a preexisting impairment to the claimant’s back.
Thus, in order to obtain reimbursement from the Fund for a preexisting permanent physical impairment of the back under subparagraph 21, the employer must show that it had knowledge of sufficient information about the employee’s preexisting back condition to have been able to conclude that the employee’s back condition had resulted in disability for an aggregate time of greater than 120 days.
Appellants argue that, notwithstanding the specific requirements of subparagraph 21, the legislature intended that to obtain reimbursement an employer must have knowledge only that the claimant previously'suffered a back injury which caused the claimant to miss an indeterminate amount of work. We cannot agree. In section 440.49(6)(a)23, the legislature provided that mental retardation constituted a preexisting permanent impairment for which reimbursement may be sought, but only when the employee’s intelligence quotient is within the lowest 2 percentile of the general population. Subparagraph 23 also provides, however, that an employer is not required “to know the employee’s actual intelligence quotient or actual relative ranking in relation to the intelligence quotient of the general population.” By contrast, subparagraph 21 does not have a similar provision by which the employer is relieved of actual knowledge of the specific elements of the preexisting permanent impairment of the back. Clearly, the legislature could have provided an exception to the requirement of actual knowledge of the preexisting permanent impairment in sub-paragraph 21, but it did not. Thus, we must conclude that, as a requirement for reimbursement for an impairment under subparagraph 21, the legislature intended to require employers to know that the subject-employee suffered a back injury or disease which resulted in disability of over 120 days and which has been substantiated by a doctor. See Beach v. Great Western *514 Bank, 692 So.2d 146, 152 (Fla.1997), aff'd, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998)(where the legislative body has included particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the legislature has acted intentionally and purposefully in the disparate inclusion or exclusion).
Here, the record reflects that at the time Mr. Wright was hired in May 1994, the employer knew only that he had previously incurred back injuries which prevented him from performing certain physically demanding jobs. The employer did not know the extent of the employee’s preexisting impairment or the length of any prior disability caused by those back injuries. Mr. Wright did not have an impairment under subparagraphs 19 and 20. Even though the parties have stipulated that at the time of the June 1994 injury Mr. Wright had a preexisting back impairment which had previously resulted in 120 or more days of disability, as substantiated by a doctor’s opinion, the employer has not satisfied the express requirement that it knew of the nature of such impairment prior to the accident. Because the record evidence does not show that, prior to the subject workplace accident, the employer had acquired sufficient information concerning Mr. Wright’s preexisting back condition to know that it constituted a “preexisting permanent impairment,” as defined by subparagraph 21 of section 440.49(6)(a), we agree that reimbursement from the Fund is not allowed.
AFFIRMED.
BENTON and LEWIS, JJ., concur.