PER CURIAM.
R.A.J. petitions for a writ of habeas corpus, arguing that she should be immediately released from home detention with GPS monitoring based upon her reading of section 985.439(4), Florida Statutes. That section details some of the sanctions that may be imposed upon a juvenile after a finding that the child has violated conditions of probation. Subsection (4)(a) provides that the court may place the child “in a consequence unit ... for up to 5 days for a first violation and up to 15 days for a second or subsequent violation.” Subsection (4)(b) provides that the court may place the child on home detention with electronic monitoring if a residential consequence unit is not available. Petitioner argues that the time limitations from subsection (4)(a) should also apply to the home detention sanction authorized by subsection (4)(b). We agree with the State that Petitioner’s argument is inconsistent with the plain language of the statute — which unambiguously authorizes the sanction of home detention with electronic monitoring without the time limitations required for a residential consequence unit. Cf. Beach v. Great W. Bank, 692 So.2d 146, 152 (Fla. 1997) (“[W]hen the legislature has used a term ... in one section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded.” (quoting Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995))).
PETITION DENIED.
TORPY, C.J., LAWSON and COHEN, JJ., concur.